Decided 3 July, 1905.

### TAYLOR *v.* TAYLOR.

81 Pac. 367.

DIVORCE — ALLOWANCE FOR CARE OF CHILDREN.

1. Under B. & C. Comp. § 513, authorizing the court, in granting divorce, to provide for the future care and custody of minor children, having regard to their age and sex, where custody of two children, aged eleven and eight years, was granted the mother, the father's property being worth $75,000, an appropriation of $6,500 to the mother for the future care of the children, together with one half the furniture, etc., was justified, though the father was given the divorce.

LIEN OF ALLOWANCE IN DIVORCE CASE.

2. The amount allowed in a divorce decree to a spouse for the care of minor children may be declared a lien on the real property of the one directed to pay.

COSTS AND DISBURSEMENTS IN EQUITY CASES.

3. The awarding and division of costs in equity cases is discretionary, and the successful party is not entitled as of right to either costs or disbursements.

From Umatilla: WILLIAM R. ELLIS, Judge.

Defendant appeals from decree entered.   AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. James A. Fee* and *Mr. John McCourt.*

For respondent there was a brief and an oral argument by *Mr. William McDowell Peterson.*

PER CURIAM. This is a suit by Moses Taylor against Isabella Taylor for a divorce on the ground of cruel and inhuman treatment. The defendant also seeks affirmative relief. The plaintiff secured the decree; the court giving the custody of a minor daughter and a son to the defendant, who appeals. The testimony comprises 691 pages of legal cap typewritten matter, much of which is of that kind that ought not to be embodied in a printed report, and for this reason quotations therefrom or extended comments thereon will be omitted.

An examination of the transcript convinces us that the principal charge of cruelty, alleged by the wife against the husband, has not been established, and that he is entitled to the decree. The court awarded to the defendant the northwest quarter of section 21 in township 4 north of range 35 east of the Willamette Meridian, valued at $10,000; lots 11 and 12 in block 1 of Kirk's Third Addition to Athena, Umatilla County, Oregon, estimated to be worth $7,500; one half the beds, bedding, cooking utensils, dishes, chairs, tables, bedsteads, and carpets used by the parties; and also $6,500 in money, payable at stated intervals, without interest, the last installment maturing October 1, 1910; the decree providing that plaintiff might discharge the obligation imposed upon him at any time by paying defendant the present worth thereof, computing interest thereon at 5 per cent. The premises first hereinbefore described were intended to be conveyed by the plaintiff to the defendant before this suit was instituted, but by mutual mistake the deed therefor located the land in the wrong township. The defendant at one time also held the legal title to the lots in Athena, which she and the plaintiff conveyed to a pur-

chaser who was unable to pay the price agreed therefor, whereupon the lots were conveyed to the plaintiff. It will thus be seen that the real property decreed to the defendant was equitably hers before this suit was begun.

The failure of the court to observe the requirement of the statute (B. & C. Comp. § 511), and to award an undivided one third of such land to plaintiff, is not assigned as error by his counsel, who, in referring thereto in his brief, says, "After considerable deliberation, we decided to rest upon the decree, and are willing to so rest," and for this reason the allotment of the land will not be disturbed, and plaintiff is hereby required, within 60 days from the entry of this decree, to execute to the defendant a good and sufficient deed for such land, free of all liens and incumbrances.

1. The statute authorizes the court, in granting a decree of divorce, to provide for the future care and custody of the minor children of the marriage, having due regard to the age and sex of such children: B. & C. Comp. § 513. The sum properly to be set aside for the future support of minor children, who are deprived of joint parental care by the divorce of their father and mother, ought to be somewhat proportioned to the value of the property to which a court of equity must look for their maintenance and education. The court found that plaintiff possessed property of the value of $75,000, and we think the testimony fully supports such conclusion. This estimate of the worth of his property justifies the appropriation of $6,500 made by the court to the defendant.

2. The sum thus awarded is hereby impressed as a lien upon all plaintiff's real property, except such as he is required to convey to the defendant. Such sum, together with one half the beds, etc., is not awarded to the children, who are eleven and eight years old, respectively, but

47 OR.——4

is hereby decreed to their mother for their support and education until they attain their legal majorities; the testimony showing that she is a proper person to have charge of them.

3. The court below decreed that neither party should recover any costs or disbursements, and a like order will be made in respect thereto in this court.

With this slight modification, the decree of the court below should be affirmed, and it is so ordered.

MODIFIED AND AFFIRMED.