Argued November 25, affirmed as modified December 29, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HAMMOND, *Respondent, and* HAMMOND
(No. 74-2103-E-2, CA 4709), *Appellant.*
543 P2d 1076

*Richard W. Courtright,* Medford, argued the cause for appellant. With him on the brief were Courtright & Swartsley, Medford.

*Thomas C. Howser,* Ashland, argued the cause for respondent. With him on the brief were Cottle & Howser, Ashland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

## FORT, J.

Following a childless marriage of barely two years, respondent-wife obtained a decree of dissolution. Husband appeals, challenging only the division made of the real property, which constituted the principal asset of the parties.

Wife was 27 and husband 23 at time of trial. Wife was employed as a physician's nurse in a mill in northern California. Husband, as a result of a serious industrial accident sustained while working as a timber faller, was, at the time of trial, receiving temporary total disability. The prognosis was that he would be permanently and totally disabled. Indeed he was already receiving total disability from social security. He was then paralyzed below the knee and partially in the hips. He was undergoing long-term training in ceramics financed by the State Accident Insurance Fund.

Prior to the injury the parties had bought land totaling 62 acres. Thereafter, and prior to his injury, they separated. The down payment and a part of the funds for initial improvements were borrowed from the husband's parents.

The trial court decree left the parties as tenants in common in the 62 acres of land, which had cost $31,000, allowing the husband a noninterest-bearing lien for $3,650, representing apparently the money borrowed to make the down payment and initial improvements.

We think it proper here to consider as one important factor the extent and permanence of the hus-

band's injury. ORS 107.105(1)(e); *Hardenburger and Hardenburger,* 18 Or App 267, 270-71, 525 P2d 179, Sup Ct *review denied* (1974). As an aid to his rehabilitation, we note, too, that SAIF has invested nearly $5,000 in providing a structure and facilities on the property for carrying forward his work and training in ceramics. The wife should not benefit, and in fairness to her she does not ask to, from the husband's post-separation tragedy.

A 42-acre tract adjoins husband's parents' place. All the improvements made by or for the husband are on that tract. The husband through his parents provided the down payment for both the 42- and 20-acre portions of the tract. One small improvement by way of a home on the property was built almost entirely by husband and with materials which were obtained through his earnings and efforts. The remaining amount of debt on the contract to purchase the entire 62 acres at the time of trial was $26,000. Both parties seem to be in agreement that the value of the land has increased to the point where it is worth $1,200 to $1,500 per acre. Any other assets besides the property have already been fairly evenly divided between the parties.

We conclude that the 42-acre tract with the improvements on it should be awarded to the husband, and that the wife should get the 20-acre tract. The wife shall assume $8,400 of the $26,000 indebtedness and the husband the remaining $17,600. Each shall assume the interest accruing on his portion of the indebtedness.

We note that the contract to purchase the 62 acres provides that portions of either part may be sold by its owner and the sale price may be applied against the debt of that party.

Finally, the husband should remain responsible for the money owed to his parents. The lien of $3,650 in his favor allowed against the wife's interest is eliminated.

Affirmed as modified. Costs to neither party.