Argued January 15, affirmed as modified,
no costs to either party, April 23, 1979.
Opinion modified July 2, 1979. See 41 Or App 13.

In the Matter of the Marriage of
SELLERS, *Respondent,*
*and*
SELLERS, *Appellant.*
(No. D7702-02246, CA 11425)

593 P2d 1191

[648]

Paul J. Kelly, Jr., Portland, argued the cause and filed the brief for appellant.

Eric Young, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.

**THORNTON, J.**

Husband appeals from the decree in a dissolution proceeding. He challenges the court's division of assets, award of spousal and child support, and failure to award attorney fees.

Husband, 46, and wife, 43, were married 23 years. They have four children. Two of the children are still minors; custody was awarded to wife.

Husband provided most of the support during the marriage until shortly before the separation. He has a degree in radio and television broadcasting. He has worked in sales and broadcasting. He worked for the state for ten years, attaining a salary of $15,717, before quitting on his physician's advice. After a year of unemployment, husband worked at one job for two weeks and then was unemployed for two more months, during which period the separation occurred. He was then employed by the City of Portland in a six-month CETA position at $1,480 a month, but resigned that position when he was involved in an auto accident. A year later, husband obtained another six-month CETA position paying $822 a month. Wife, who attended college but has no degree, worked only part-time during most of the marriage. However, she has recently become successful in real estate sales, grossing an average of $22,000 a year in the three years prior to divorce.

Husband has had physical and psychological problems. His psychologist testified that husband would be employable within 30 to 60 days. Husband's physician opined that husband should avoid heavy lifting, repeated bending, extended driving, and jobs requiring sitting in one position for long periods.

Wife was awarded net assets of approximately $29,000,[1] and husband, net assets of approximately

---

[1] Wife was awarded a motor home, purchased by her after the separation jointly with her father, for which the indebtedness apparently

$23,000. Wife was awarded the family home, in which the parties had an equity of approximately $28,000, subject to a $12,500 noninterest bearing lien. The lien is payable to the husband upon various contingencies. The house was obtained at less than market, according to the wife, from her parents, and the parties have added onto it with much help from wife's father. The parties also owned a rental property, in which their equity is approximately $11,000, and another parcel, a gift from wife's parents, worth $2,000. Husband is to receive $6,500 or half the proceeds from the sale of the rental property and the small parcel. The wife was awarded most of the furniture and furnishings. The court ordered the $7,762 settlement from husband's accident, any tax refunds, and any judgment on husband's civil rights action, to be divided equally between the parties. Husband specifically challenges the award to wife of one-half of his accident settlement.[2]

 We are to examine the decree of dissolution in its entirety, rather than evaluating property divisions and child and spousal support entirely as separate items. *Grove and Grove,* 280 Or 341, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977). Furthermore, we do not disturb the trial court's disposition of property unless it appears that a mistake was made. *McCoy v. McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977). Relevant considerations in reviewing property divisions and support payment orders are the

_____

exceeds the estimated fair market value by approximately $1,000. Although she testified that she was involved in the purchase merely to obtain financing, she has made all but the initial payment. The motor home was purchased for her parents to use.

[2] Wife claims that husband's payment of half of the settlement to her forecloses husband from appealing the award as to the settlement. Complying with a decree precludes appeal only if "it satisfactorily appears that the payment or compliance was voluntary, not coerced, and made with the view of settlement." (Citations omitted.) *Diesel Service Unit v. Bonbright,* 276 Or 417, 555 P2d 452 (1976). Here, it is not clear that husband intended to settle.

source of the assets, and the age, earning capacity and health of the parties. *See Laird and Laird,* 27 Or App 161, 555 P2d 814 (1976), *rev den* (1977). Hence, although generally an equal division of the property is preferred, various considerations may support a different result. *Ray and Ray,* 32 Or App 527, 574 P2d 687, *rev den* 282 Or 537 (1978).

■ Although wife should perhaps be somewhat preferred because she has custody of the children, husband's impaired health suggests that he should perhaps be favored, although the long-term effect of his disability on his earning power is uncertain. Furthermore, amounts received for post-separation injuries should generally be awarded to the injured spouse. *Hammond and Hammond,* 23 Or App 739, 543 P2d 1076 (1975). Overall, it appears that a more equal balance should be struck; hence, the entire net settlement for husband's injury should be awarded to husband.

■ Husband further assigns as error the court's failure to require interest on husband's $12,500 lien on the parties' home. The lien is payable upon certain contingencies, that which could occur last being the youngest child's attaining the age of 21, if he attends college. Even at the modest statutory rate of 6 percent which husband requests, the present value of the lien is much less than its face amount if the lien does not become payable until the youngest child is 21. In such event the division of assets is even more disproportionate than it appears to be.

We have refused to impose an interest obligation on a lien payable within two years, where the obligor was awarded only nonliquid assets and did not have the amount of the lien as a fund to use for her own purposes. *Griffin and Griffin,* 34 Or App 765, 579 P2d 885 (1978). Lack of spousal support may be a consideration in awarding interest, *see Warren and Warren,* 31 Or App 213, 570 P2d 104 (1977), and here spousal support was awarded. Although it is not clear that wife may be able to pay the lien fairly promptly,

*McCoy and McCoy, supra,* the lien is potentially of long duration, and spousal support payments are minimal. We conclude that husband is entitled to six percent per annum on the lien.

█ Husband further argues that his financial condition is such that the award of child support, $75 per child per month, was too large and the award of spousal support,[3] $10 per month, payable semi-annually, too small. At the time of the final hearing, husband was earning $822 per month before taxes while wife was earning approximately $1,600 per month after business expenses and before taxes. Husband's estimated monthly expenses total approximately $675, of which $135 is for repayment of debts, although husband estimated payments on only some of his debts.

Wife's nonbusiness expenses approximate $1,100 per month, but are lower if expenditures for food, clothing and medicine for her parents are eliminated. (The trial court stated that it would not consider wife's contributions to her church of $100 per month or to her parents, including $250 per month payment on the motor home bought for their use, and wife does not challenge this decision.) Her estimated federal tax payments are $1,700 per quarter. The estimate does not include expenses on the rental lot, which was ordered to be sold. That is not a substantial disparity given progressive income tax rates and the fact that wife has custody and the major financial responsibility for support of two children.

It is not clear that husband's disability will eventually cause him to suffer a substantially disproportionate standard of living, and both parties must reduce their standards of living when modest incomes are no longer pooled. *See Grove and Grove, supra.* Therefore,

---

[3] Husband also was required to maintain his Veteran's Administration insurance for the benefit of the children. The cost, however, is *de minimis* as dividends almost equal premiums.

the trial court's decision to award nominal spousal support was appropriate.

■■ As to child support, we acknowledge that public policy generally requires that the noncustodial parent pay some amount, even though that parent's financial situation requires that the payment be small, and even though the custodial parent can adequately support the children without the help of the noncustodial parent. *Westby and Westby,* 30 Or App 431, 567 P2d 145 (1977). The award of interest on husband's lien against the residence amounts to $62.50 per month, which will offset to a considerable extent the $75 per child per month support ordered by the trial court. In light of the interest on the lien, the property division, and the difference in the parties' incomes, we will not disturb the trial court's award of support.

■ Husband also assigns as error the court's decision to impose on each party his or her own costs and attorney fees. There is no evidence concerning the amount or reasonableness of attorney fees. *Fery and Fery,* 20 Or App 581, 532 P2d 1131 (1975).

Affirmed as modified. No costs to either party.

**SCHWAB, C. J.,** dissenting.

I would affirm the decree in all respects.