Argued and submitted August 22,
affirmed as modified October 6, 1980

In the Matter of the Marriage of

BULL,
*Respondent,*
*and*
BULL,
*Appellant.*

(No. 55893, CA 17406)

617 P2d 317

J. Conroy, Corvallis, argued the cause for appellant. On the brief were Robert S. Gardner, and Ringo, Walton, Eves & Gardner, P. C., Corvallis.

Robert T. Scott, Albany, argued the cause for respondent. With him on the brief was Scott & Norman, Albany.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

### BUTTLER, J.

Husband appeals from the decree entered in this dissolution proceeding seeking deletion from the decree that portion which imposes an equitable lien in favor of wife against any settlement or judgment which husband receives as a result of an automobile accident in which he was injured after the parties separated, but before the dissolution. We modify the decree.

The parties were married on December 3, 1976, and had one child, a daughter, born June 21, 1979. The parties separated on about August 1, 1979. Husband was injured in an automobile accident on September 14, 1979.

Husband had been married before and has one child as a result of that marriage, for whom he was required to pay support of $100 per month. At the time of the dissolution at issue here he was behind in his support payments to his first wife and a wage assignment had been entered. However, at the time of the hearing below husband had not worked since his accident in September, 1979.

The trial court in this proceeding ordered husband to pay the marital debts of the parties, which totalled nearly $5,500, and to pay $100 per month for the support of his daughter, whose custody was awarded to wife. In addition, the trial court purported to impose an equitable lien against any settlement or judgment husband may receive as a result of the automobile acident in which he was involved, for the purpose of assuring payment of the family debts and the child support. Husband contends on appeal that the imposition of an equitable lien was inappropriate. We agree.

Although it is not necessarily a rule for all situations, we held in *Sellers and Sellers,* 39 Or App 647, 593 P2d 1191, modified 41 Or App 13 (1979), and *Hammond and Hammond,* 23 Or App 739, 543 P2d 1076 (1975), that in the fact situations there presented, monetary damages received by one spouse as

the result of a post-separation injury should be awarded to that spouse in dissolution proceedings. We believe that is the appropriate disposition in this case as well. The damages awarded husband as a result of his accident presumably will be compensation for personal injuries he suffered. Husband's right of action for those injuries is properly his alone; division with wife would not be appropriate.

■  There are at least two problems with the imposition of an equitable lien on whatever husband may recover for his injuries. An equitable lien which does not arise from contract is fundamentally a tool used by courts to prevent unjust enrichment. *See Restatement of Restitution* § 161 (1937); Dobbs, *Law of Remedies* § 249 (1973); *see also Barnes v. Eastern & Western Lbr. Co.,* 205 Or 553, 287 P2d 929 (1955). Further, that unjust enrichment must result from the receipt of the particular property upon which the lien is imposed. See V. Scott, *The Law of Trusts,* § 462.2 (3d ed 1967). We have no basis for concluding that husband would be unjustly enriched by the receipt of compensation for personal injuries he sustained. In theory, at least, he will be made whole.

■  In addition, the lien imposed by the trial court would effectively tie up indefinitely whatever monetary compensation husband is awarded. His child support obligation for this one year old child continues until the child is at least 18 years of age, and is subject to modification. ORS 107.135. The indefinite and *in futuro* aspects of the obligation which is intended to be secured do not comport with the imposition of a lien.

> "* * *The very idea of a lien upon property involves certainty as to the amount, so that persons dealing with defendant, as well as defendant himself, may know how much is involved; otherwise he would be precluded from dealing with his property at all, since it would be impossible for him to pay the lien.* * *" *Mansfield v. Hill,* 56 Or 400, 409, 107 P 471, 108 P 1007 (1910).

In addition, it is unclear who would hold the funds representing the personal injury award. Would

the defendant in the personal injury action be obligated to hold them? His attorney? His insurer? Husband? His attorney? If any one of them paid over the funds, would he be liable to wife? We see no practical way to handle a lien such as this, and wife has suggested none.

Therefore, we modify the decree to delete paragraph 6 which imposes the equitable lien, and in lieu thereof we substitute the following:

"6. Respondent shall indemnify and hold petitioner harmless for any of the debts respondent is required to pay by the terms of the preceding paragraph."

Affirmed as modified.

**THORNTON, J.,** dissenting.

The majority holds that it is beyond the power of the court to impose an equitable lien for future child support on whatever the husband may recover for his injuries. I cannot agree.

ORS 107.105 provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"(a) For the future care and custody, by one party or jointly, of all minor children of the parties * * *:

"(b) For the recovery from the party not allowed the care and custody of such children, * * * such amount of money, in gross or in instalments, or both, as may be just and proper * * *."

ORS 107.405 provides:

"When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

A divorce proceeding is governed by the principles and practices of equity. *See* 24 Am Jur 2d, Divorce and Separation 182, § 7 (1966).

A claim for future child support payments is in essence a claim on an unmatured obligation, and a court of equity may shape its decree and the enforcement of it in accordance with the general practice on

unmatured and contingent claims, since there is a possibility of the child's death before the expiration of the period prescribed for payments of support.

It is well established that a divorce court in the exercise of its broad equity powers may impound a fund from which future payments may be made for the support of the children of a divorced father. Also, it has been held that the court may award a lump sum in lieu of future payments. *See* 24 Am Jur 2d, *supra,* 950, § 838. A good example of this is found in *Taylor v. Taylor,* 47 Or 47, 81 P 367 (1905), where the court held that a lien for $6,500, the amount allowed by the trial court for the future care of the minor children, could be declared on all the real property of the spouse charged.

In *Edelman v. Edelman,* 65 Wyo 271, 199 P2d 840, 203 P2d 952 (1948), for example, it was held that the divorce court could direct the deceased father's estate to pay into court such a lump sum as would enable the court to meet the child support payments due under the decree.

Similarly, in *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969), this court held that the divorce court could require a father to maintain insurance for the benefit of the child.

In summary I submit that the majority is in error in holding that the trial court could not reach the proceeds of the father's contingent personal injury claim and declare a lien thereon. I would remand to permit the trial court to reframe its decree as outlined above.

For the above reasons, I respectfully dissent.