Argued and submitted September 17,
affirmed as modified October 20, 1980

In the Matter of the Marriage of

HALVORSON,
*Appellant,*
*and*
HALVORSON,
*Respondent - Cross-Appellant.*

(No. 35853, CA 17516)

618 P2d 20

Todd G. Brown, Corvallis, argued the cause for

appellant. On the brief were Steven P. Allen and McClain & Brown, Corvallis.

J. Britton Conroy, Corvallis, argued the cause for respondent - cross-appellant. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Husband appeals from a decree in this dissolution proceeding which granted the wife 76 percent of the marital assets, including all of the real property held by the parties. Wife cross-appeals, contending that the trial court erred in not awarding her spousal support. We find merit in both appeals and modify the decree.

Husband, 54, and wife, 50, were married April 24, 1953. Husband has been a plumber for the past 15 years. Although he has been working steadily during the past year, his employment can become sporadic, depending on the economic climate of the building industry. As a union member, when laid off, husband is required to sign up at the union hall and wait his turn for placement in an undetermined location in the state. He is not free to seek work as a plumber outside the union hiring hall. When he is working, his monthly take-home pay is roughly $1,600. Wife has worked for the State of Oregon Fish and Game Department for the last two years. Her net monthly income is $575.

Husband's health is reasonably good. Wife's health is uncertain. Recently she underwent surgery for cancer on her jaw. She testified that she had fully recuperated but is required to travel to Portland at least once a month for check-ups. In addition, her doctor has advised her to see him immediately if her jaw becomes sore. This sometimes required weekly trips to Portland.

The total marital assets were valued at $134,046. Wife was awarded the family home with an equity of $44,311.50. The outstanding mortgage on the family home of $8,688 is payable in monthly installments of $150.55. She was also awarded the so-called "Manchester property," which is rental property with an equity of $29,640. The existing mortgage on that property of $18,000 is payable at $209 per month. Wife also received the parties vendors' interest in a land sales contract calling for a monthly payment of $107 with a balloon payment in 1983. Finally, the wife

received personal property consisting of cash and other assets equaling $18,841.05. The total value of assets awarded to wife was $101,559.95, or 76 percent of the marital assets.

Husband received personal property including cash and other assets, totalling $33,018, but is required to pay wife's outstanding medical bills of $532, leaving husband with a net award of $32,486, or 24 percent of the marital assets. No spousal support was ordered.

■■ The court is required by ORS 107.105 (1)(e) to make a division of property in a dissolution proceeding which is "just and proper in all the circumstances." Although we will not disturb a trial court's decree unless we are convinced an equitable result has not been reached, *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, clarified 29 Or App 287, 563 P2d 738 (1977), the goal in distributing assets of a long term marriage, such as this one, is to ensure that the parties separate on as equal a basis as possible, under the circumstances. *Glatt and Glatt,* 41 Or app 615, 598 P2d 1237 (1979). Generally, an equal division of property is preferred unless circumstances suggest a different result. *Sellers and Sellers,* 39 Or App 647, 593 P2d 1191, modified 41 Or App 13, 593 P2d 1194 (1979). We do not believe that circumstances here justify the wife being awarded three times as much property as was awarded husband. The decree is modified to award husband the "Manchester property," subject to the existing mortgage on it which he is required to assume and pay.

■■ On cross-appeal, wife requests spousal support. Considering the fact that we have modified the property division, and further considering the health of the parties, their earning capacities, financial condition, their ages and the duration of the marriage, we agree. An important factor in determining the need and amount of spousal support is whether the spouse will be able to maintain a standard of living not overly disproportionate to that enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977);

*Frishkoff and Frishkoff,* 45 Or App 1033, 1044, 610 P2d 831 (1980). Here wife's health is uncertain; husband's is generally good. Wife's disposable monthly income is roughly $682: $575 take-home pay plus $107 from the land sales contract. Husband's monthly take-home pay is $1,600 when he is steadily employed. Wife's testimony was that her monthly expenses were $640, omitting any allowance for entertainment or travel. Further, the record indicates that the family home is in need of substantial repairs, the cost of which is not included in the expense figure.

Under all the circumstances, we conclude that permanent spousal support is warranted. The decree is modified to provide that husband shall pay wife the sum of $200 per month as spousal support, commencing with the date of entry of our mandate.

Affirmed as modified. No costs to either party.