Argued and submitted November 19, 1980, affirmed as modified April 13, reconsideration denied May 21, petition for review denied June 16, 1981 (291 Or 118)

In the Matter of the Marriage of

## BARNES,
*Appellant,*
*and*
## BARNES,
*Respondent.*

(No. 55505, CA 17893)

626 P2d 936

Mark L. B. Wheeler, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

Laurence Morley, Lebanon, argued the cause for respondent. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Wife appeals those portions of the divorce decree fixing the amount and duration of spousal support and the division and distribution of the parties' real and personal property.

The trial court awarded wife $250 per month as spousal support until she reaches the age of 62 or remarries. The court awarded to husband the use of the parties' home pending its ordered sale, the proceeds of which the parties are to share equally. Husband received the "long half" of the assets, according to both parties' estimates.[1]

The parties were married for 32 years. Wife is age 50, has an eighth-grade education, has no real job skills or training, has poor health and substantial medical expenses. Wife has no independent source of income. Husband is age 51 and is a skilled laborer as a heavy equipment operator. He was unemployed and was drawing approximately $500 per month as unemployment compensation at the time of trial and for about six months prior thereto. Previously his yearly income varied between $17,000 and $30,000. Husband testified that he has high blood pressure, but there is no evidence that it has affected his employability. Husband contends that his unemployment is due to a lack of work with the U.S. Forest Service, where he had been previously employed.

■ Because there is no reason disclosed by the evidence in this case to predict that remarriage would substantially change the circumstances relevant to wife's need for support, the decree's provision for automatic termination of spousal support upon wife's remarriage is improper. *Grove and Grove,* 280 Or 341, 355, 571 P2d 477 (1977).

■■ Considering the length of the parties' marriage, the health of the parties, the parties' relative job skills, and the parties' previous standard of living, we conclude that this is a case justifying an award of permanent spousal

---

[1] Wife contends that she was awarded assets amounting to $37,900 and husband was awarded assets amounting to $45,900. Husband contends that wife was awarded assets amounting to $39,890 and husband was awarded assets amounting to $42,400.

support. Considering husband's past income and ability to earn, we conclude that the level of support ordered by the trial court is too low. We modify the spousal support provision to provide that wife shall receive $400 per month as spousal support.

■ ■    Where there is great disparity in parties' respective earning capacities, distribution of assets should favor the party with the lesser ability to generate income. *Buttenhoff and Buttenhoff,* 35 Or App 287, 581 P2d 111 (1978); *Laird and Laird,* 27 Or App 161, 555 P2d 814 (1976), *rev den* (1977). It was inappropriate, therefore, to award husband the "long half" of the assets. A just and equitable distribution of the parties' assets requires the award to wife of 60% of the proceeds of the sale of the home. Further, wife should be awarded the household goods and furnishings, as well as use of the parties' home pending its sale. Husband was awarded the parties' mobile home and has the use of it for living quarters. In all other respects, the property distribution is fair and equitable.

Affirmed as modified. Costs to be awarded to appellant.