Argued and submitted November 18, 1981,
affirmed as modified February 2, 1982

In the Matter of the Marriage of

**SIMMONS,**
*Respondent - Cross-Appellant,*
*and*
**SIMMONS,**
*Appellant - Cross-Respondent.*

(No. D8004-63458, CA A20674)

639 P2d 1296

William T. Powers, Portland, argued the cause for appellant - cross-respondent. With him on the brief was Powers & Powers, Portland.

Magar E. Magar, Portland, argued the cause and filed the briefs for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Roberts, Judge.

ROBERTS, J.

## ROBERTS, J.

This is an appeal from a dissolution of marriage decree which dissolved a 32-year marriage. At the time of the dissolution, husband was 54 and wife was 53. We affirm the order of the trial court, except as to the amount and duration of the lien on the family residence awarded to husband.

The parties' equity in the residence is valued at $69,000. The court awarded the residence to wife and gave husband a lien in the amount of $25,000, to be paid in five years at "the legal rate of interest." This award was apparently an attempt to divide the property equally, taking into account the fact that, at the time of trial, wife had home repair expenses of $1,100 and an anticipated sewer assessment of $5,000. Should it be necessary to sell the house in order for wife to pay husband's lien, she would also have the obligation of the selling costs.

Wife's only work experience was part-time in a bank for a short period of time and 16 years as an Avon representative. Wife testified that her total net income was $170 per month from Avon sales and part-time child care. Husband had discouraged her from working during the marriage. Husband had an annual gross income of approximately $21,000 at time of trial, and a raise anticipated shortly after trial would bring his annual gross income to approximately $23,000. Wife was awarded $250 per month permanent spousal support. Husband was awarded all the interest in his pension plan.

■ ■ Generally, in dissolution cases an equal division of the property is preferred, but various considerations may support a different result. *Ray and Ray,* 32 Or App 527, 574 P2d 687, *rev den* 282 Or 537 (1978); *Sellers and Sellers,* 39 Or App 647, 593 P2d 1191 (1979). In this case the difference in the earning potential of the parties justifies awarding wife a greater share of the residence than was awarded to her by the trial court. *Barnes and Barnes,* 51 Or App 689, 626 P2d 936, *rev den* 291 Or 118 (1981).

We modify the decree to award to husband a lien against the real property awarded to wife in the amount of $10,000, with interest at 9 percent annually to accrue from

the date of the trial court's original decree. Wife is required to pay husband the amount of the lien plus interest if the residence is sold or in the event she moves from the residence, but, in any event, the lien is to be paid no later than January 1, 1986.

Affirmed as modified to award husband a $10,000 lien, plus interest, against the real property awarded to wife.