Argued and submitted June 4, affirmed as modified December 8, 1982

In the Matter of the Marriage of

## HACKLEY,
*Respondent,*
*and*
## HACKLEY,
*Appellant.*

(No. D17-635, CA A22994)

655 P2d 196

John B. Lewis, Hillsboro, argued the cause for appellant. With him on the brief was Frost, Hall, Holloway & Lewis, Hillsboro.

John D. Peterson, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

Warden, J., dissenting.

**YOUNG, J.**

Husband appeals from a decree of dissolution and assigns as error the property division. We modify the decree.

At the time of trial, the parties had been married 25 years. Husband was 50 years old and wife 51 years old. Both are in good health, although wife has had surgery for varicose veins, and that condition is apparently recurring. There are three children, who are all emancipated. Husband is a college graduate, and wife is a trained x-ray technologist. From 1956 until 1973, husband worked as a salesman in his father's clothing store in California. From 1973 to 1977, he operated a ranch without financial success in northern California and worked for a building contractor and for Siskiyou County. In 1977, the parties moved to Oregon. Currently, husband appears to be working part-time as a farm laborer. Wife has worked full-time and part-time throughout the marriage, primarily in radiology. During the past four years, she has not had steady employment.

Husband argues that the trial court awarded wife 85 percent of the assets. He explains that this lopsided division occurred, in part, because of the trial court's misinterpretation of the husband's trial memorandum, which the court used to assign values to the assets. Husband contends that the home and an unimproved lot should be sold, the indebtedness paid and the remaining proceeds divided evenly. He also proposes that the "sterling and silver" be divided or sold.

The trial court made a division of the real property and then divided the personal property as proposed by husband's trial memorandum, except that wife was awarded the encyclopedias and library, the sterling and the silver and one antique trunk.[1] The trial court's division of all of the assets and the liabilities was as follows:

---

[1] The trial memo did not place a value on the encyclopedias and library and the sterling and other silver. Two antique trunks were valued at $75.

| Assets[2] | Wife | Husband |
|---|---|---|
| Home | $ 90,000 | |
| One-half interest in Santa Paula, California, Real Property | | -0- |
| Unimproved lot | | $ 6,000 |
| Vehicles | 2,800 | 900 |
| Personal property ordered sold | 822 | 822 |
| Other personal property | 39,500 | 34,700 |
| TOTAL ........................ | $133,122 | $ 42,422 |
| **Liabilities** | | |
| Mortgage | $ 47,500 | |
| Promisory Notes - Mary Thille | | $ 12,500 |
| Promisory Note - Citizen's State Bank | | 13,500 |
| TOTAL ........................ | ($ 47,500) | ($ 26,000) |
| NET ASSETS | $ 85,622 | $ 16,422 |

The trial court found it inappropriate to award wife spousal support and ordered the parties to pay their own attorney's fees and costs. Wife has not cross-appealed.

Husband's contention that the trial court misinterpreted his trial memorandum and thereby assigned incorrect values to the personal property is correct.[3] The trial judge used the total value of the personal *and* real property as the value of the personal property. Because husband had proposed an equal division of the real property (home and lot), the parties were equally affected by that error and no prejudice resulted. There remains, nonetheless, an unequal property division. The extent of the disparity

---

[2] We have added as an asset the estimated value of the personal property that the trial court ordered to be sold, which was in addition to the personal property that was divided.

[3] It appears that the miscalculation by the trial court was due, in part, because husband's trial memo did not subtotal the value of the real and personal property and because the values assigned to the vehicles by the trial court were included again in the value of the "other personal property."

depends on the consideration given to the parties' interest in husband's parents' property in California and whether the debt to Mary Thille is real or illusory.

In 1971, while husband was working in his father's store, his parents conveyed to the parties a one-half interest[4] in the parents' home in California. In 1974, after the father's business had been sold, the parties and husband's parents borrowed $52,000 from a bank to enable the parties to finance the purchase of a ranch in northern California. In 1976, the bank required that the loan be refinanced and secured by a deed of trust on the parents' home. The trust deed was executed by the parents and husband and wife. The present loan balance is $13,500, which the trial court directed husband to pay.

The trial court awarded husband "[t]he interest of the parties, if any, in * * * the [California] property * * *" but did not place a value on that interest. On this record, we conclude that the trial judge considered that property as an asset having some substantial value. Otherwise, there is no explanation or justification in the record for the disparate division of the net assets.

■     Husband does not consider the interest in his parents' property to be an asset but claims that there is a valid and enforceable debt owing to his friend Mary Thille. Wife takes the contrary position that the asset is real but the debt is not. Evidence that sharply contradicts husband's claim that the "half interest" has no value is that in 1977 he claimed that interest as an asset worth $32,500 in a personal loan application and financial statement. We find, as did the trial judge, that the California property is an asset and that the debt to Mary Thille is a liability. On the basis of wife's testimony and husband's loan application, we value the one-half interest in the Santa Paula property at $32,500. Correcting the trial court's evaluation of the personal property and adding $32,500 to husband's share results in a division of net assets to husband of $23,627 and

---

[4] There is no evidence about how or why the joint interest was created.

net assets to wife of $62,426, a difference in wife's favor of $38,799 or roughly 72 percent of the assets.[5]

■        ORS 107.105(1)(e) requires the court in a dissolution proceeding to make a division of property that is "just and proper in all the circumstances." In *Halvorson and Halvorson,* 48 Or App 887, 890, 618 P2d 20 (1980), we said:

> "[T]he goal in distributing assets of a long-term marriage, such as this one, is to ensure that the parties separate on as equal a basis as possible, under the circumstances. * * * Generally, an equal division of property is preferred unless circumstances suggest a different result. * * *" (Citation omitted.)

The circumstances here do not justify wife being awarded three times as much property as awarded to husband.

Wife argues, on the basis of the length of the marriage and the disparity of earning capacity, that she should retain the home, subject to the mortgage. *See Moore and Moore,* 56 Or App 90, 92-93, 641 P2d 74 (1982); *Simmons and Simmons,* 55 Or App 773, 639 P2d 1296

---

[5]

### Corrected

### Property Division

| Assets | Wife | Husband |
|---|---|---|
| Home | $ 90,000 | |
| Unimproved lot | | 6,000 |
| One-half interest in Santa Paula property | | 32,500 |
| Vehicles | 2,800 | 900 |
| Personal property | 16,266 | 9,442 |
| Antique trunk | 37.50 | (-37.50) |
| Personal property to be sold | 822.50 | 822.50 |
| Total | 109,926.00 | 49,627.00 |
| Liabilities | | |
| Mortgage | 47,500 | |
| Notes - Mary Thilles | | 12,500 |
| Note - Citizens State Bank | | 13,500 |
| Total | (47,500) | (26,000) |
| Total NET ASSETS | 62,426 | 23,627 |

This corrected property division essentially corresponds with wife's computation, except that she values the one-half interest in the Santa Paula property at $35,000. There is no evidence to support that evaluation.

(1982). The difficulty is that there is insufficient evidence to determine the earning capacity of either party. There are no income tax returns in evidence. Husband testified to earnings of $5,000 during the year preceding the trial. There is no evidence of wife's earning capacity. That husband may be short on ambition does not entitle wife to an overly disproportionate share of the assets; nothing in this record shows that were he long on ambition, his earning potential would exceed that of wife.

In order to accomplish a 50/50 division of the assets, husband would, in addition, be entitled to one-half of $38,799, or $19,399. However, for several months since the separation wife made the payments on the mortgage with two of the emancipated children providing her financial assistance amounting to about $2,300, which wife intends to repay.

To arrive at a just and proper division, we have taken into account wife's obligation to the children and award to husband a judgment against wife in the sum of $18,000, together with interest at 9 percent per annum from the effective date of this decision. to be paid on or before five years from the effective date of this decision. The decree is modified accordingly and affirmed as modified.[6] No costs to either party.

**WARDEN, J.,** dissenting.

In this suit for dissolution husband appeals, claiming that the trial court awarded wife $62,446 of assets in excess of the liabilities she was required to assume and required him to assume liabilities exceeding the assets awarded to him by $8,758. The majority, in recalculating the property distribution, has found that husband was awarded net assets of $23,627.25 in excess of liabilities and that wife was awarded $62,426.50 in excess of liabilities. I have recalculated the distribution and find husband to have received assets of $29,379 in excess of liabilities and wife to have received $57,679.75 in excess of liabilities. In arriving at these figures I have used the values assigned to the various assets by husband in his trial memorandum,

---

[6] This gives wife the sterling and the other silver. Husband has not advanced sufficient reason for us to disturb the trial court's division of those assets.

except as those were corrected by the trial court's findings. As I see it, then, husband received 34 percent of the net assets of the marriage and wife received 66 percent. Under the facts of this case, I do not find that to have been unfair to the husband. The trial court decree should be affirmed. I respectfully dissent.

As the majority recognizes, ordinarily we would consider that wife was entitled to one-half the estate after 25 years of marriage. In *Haguewood and Haguewood,* 292 Or 197, 207, 638 P2d 1135 (1981), the Supreme Court quoted with approval from *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977):

> " 'While it is common in marriages of this long duration to attempt an equal division of property, there is "no hard and fast formula." Property division and spousal support should be considered together in attempting to put the two parties in a position so that they may leave the marriage in a self-sufficient status.' "

Considering property division and spousal support together it is not unfair that wife be awarded more than half of the marital estate.

No spousal support was awarded wife, although she asked for it in her complaint. The only mention of spousal support by the majority is the statement that "the trial court found it inappropriate." Issues of support and property division are to be considered together. *Haguewood and Haguewood, supra.* The earning capacity of each of the parties is one of the matters to be considered in determining spousal support. ORS 107.105(1)(c)(D). Because there is no award of spousal support in this case, the earning capacities of the parties should be considered in determining the property division. The majority concludes that "there is insufficient evidence to determine the earning capacity of either party." In doing so, it disregards the only evidence of earning capacity contained in this sparse record: husband is a college graduate, is in excellent health and claims experience as a demolition expert, manager of a men's clothing shop, manager of an athletic equipment business, agriculture pest inspector and chemical applicator and successful ranch manager. Wife's only training and experience has been as an x-ray technician, and she has

recurring health problems caused by varicose veins. Husband admitted earning $5,000 during the pendency of the suit for dissolution. Wife incurred debts of about $2,300 to two of the parties' children for her living expenses during a portion of that time. After ignoring these facts, the majority concludes that the parties should share equally in the marital estate. As in *Sands and Sands,* 59 Or App 653, 658, 651 P2d 1387 (1982), the property division here is roughly two to one in favor of the wife. The majority of this court concluded in *Sands,* that "in light of the parties' relative earning capacities and the duration of the marriage, we believe awarding the 'long half' of this small marital estate is justified." The facts in this case justify a similar result. The decision of the trial court should be affirmed. I dissent.