Argued and submitted May 23, affirmed as modified October 5, 1983

# In the Matter of the Marriage of

## SHIRLEY,
*Respondent,*
*and*

## SHIRLEY,
*Appellant.*

(81-0942; CA A25874)

669 P2d 1198

Richard Gatti, Salem, argued the cause for appellant. With him on the brief was Gatti & Gatti, P.C., Salem.

Beverly D. Richardson, McMinnville, argued the cause for respondent. With her on the brief was Drabkin and Tankersley, McMinnville.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals from a dissolution decree, claiming that the trial court erred in the disposition of the marital assets and in awarding wife permanent spousal support, attorney fees and costs.

The parties were married for 16 years. At the time of the hearing, husband was 68 years old and wife was 52. Neither party is in good health. Husband has a hearing problem, high blood pressure, arthritis, a stomach ulcer, ulceration in his esophagus and a bad back. He has difficulty using his hands, has heat therapy on his back for one to two-and-a-half hours per day and is in traction for one-half to three-quarters of an hour every day. Wife has a stomach disorder, an ulcer, a hiatal hernia and acute arthritis.

Husband has been in the hardware and sporting goods business since 1950. He currently has a True Value Hardware franchise and owns two buildings used in the business. He testified that the business has become less and less profitable because of his failing health. He can no longer do mechanical work, cannot use a typewriter or adding machine and has difficulty writing. His 1981 income tax return shows[1] an adjusted gross income of $8,000, after a $1,100 business loss and including $415 monthly income from two rental units. He also receives monthly payments of $280 from Social Security and $70 as a veteran's pension. Neither party put on evidence of the value of the franchise or the business.[2]

Wife worked full-time at the store without a salary for 12 years, except for time spent recovering from an automobile accident injury. At the time of the hearing, she was working a nine-hour day as a clerk in a drug store and as a secretary at a church, earning monthly take-home pay of about $600. Her doctor has advised her to cut back her work time. Her current monthly expenses are about $700.[3]

---

[1] Husband filed a married but separate income tax return.

[2] At trial, husband claimed to have transferred the business and his property to his daughter, because he might "drop dead any minute." The trial court found that there was no conveyance. That finding is not disputed.

[3] Husband claims that her monthly expenses are actually $570 per month. We find nothing in the record to support that figure.

Husband brought four parcels of real property into the marriage: the "Waters Street" and "Adams Street" rental houses, the "Main Store" and the "Store Annex," all described as being "free and clear." The Store Annex houses inventory sold in the Main Store, in addition to being used for some retail sales. Wife had no major assets at the time of the marriage. The parties lived in a modest apartment above the Main Store.

The trial court awarded wife the Waters Street and Adams Street properties, the Store Annex, a 1973 station wagon and miscellaneous personal property. It awarded husband the Main Store, the hardware and sporting goods business and inventory, the franchise, and miscellaneous household goods and furniture. According to the court's valuations, wife was awarded $101,000 in property and husband was awarded $106,000, exclusive of the business and franchise. Husband was ordered to pay the debts of the marriage, permanent monthly spousal support of $170 and wife's attorney fees.

■ Husband first argues that the property division does not take into account the debts of the marriage, which he claims total $109,223, a figure that was subject to dispute and never resolved.[4] He claims that wife was awarded $101,000, while he received a net liability of $5,895. He argues that, because he brought all four parcels of real property into the marriage, they should have been awarded to him. Although the source of assets is relevant to the question of how property should be divided, it is not dispositive. *Sellers and Sellers,* 39 Or App 647, 593 P2d 1191 (1979). According to husband's proposed distribution, wife would receive only $3,849, while he would receive $93,928 in net assets. Given the length of this marriage and the fact that wife contributed materially to the business, that would not be anything like an equitable distribution.

■ A property division should, if possible, seek to disentangle the parties' financial affairs and make them free from each other's interference. *Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981); *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). Moreover, a division of property should protect the parties' self sufficiency to the greatest practicable

---

[4] It is clear that most of the debts, whatever they actually are, are attributable to the business. Husband was also ordered to be responsible for a contingent tort liability.

extent. Giving wife the rental properties and husband the business property will tend to do that. Accordingly, husband is awarded both the Main Store and the Store Annex.

■     Both parties asked for spousal support. Husband's testimony was at best foggy as to the amount of income he really derives from his business. Nevertheless, he is of an advanced age, and his health is failing. He was ordered to pay all the parties' debts, which, although they are probably not as large as he claims them to be, are considerable. Wife is younger and self-supporting and was awarded income-producing property. It is not clear, given these facts, that her standard of living without spousal support will be disproportionately lower than that enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977). We conclude that a spousal support award is not appropriate.

■■     Husband also argues that he should not be required to pay wife's attorney fees and costs. The award of attorney fees is a matter of discretion. *Haguewood and Haguewood, supra,* 292 Or at 212, *Turner v. Turner,* 237 Or 39, 390 P2d 360 (1964). It is not clear that wife currently has the resources to bear the cost of this litigation or that husband does not. The trial court did not err in ordering husband to pay wife's attorney fees and costs.

The decree is modified to award husband the Store Annex property and to delete the spousal support provision. In all other respects, the decree is affirmed. No costs to either party.