Argued and submitted May 10, affirmed as modified July 17, 1985

In the Matter of the Marriage of
## WOODS,
*Appellant,*
*and*
## WOODS,
*Respondent.*
(15-83-09766; CA A33801)
703 P2d 1041

Peter C. Kelsay, Cottage Grove, argued the cause and filed the brief for appellant.

John Mark Mills, Eugene, argued the cause for respondent. With him on the brief were F. William Honsowetz and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals provisions in the dissolution decree regarding spousal support, property division and attorney fees. We affirm the decree as modified.

The parties were married for 17 years. They have one child. Husband, age 50, is permanently disabled as a result of an on-the-job injury.[1] At the time of trial, his net monthly income from Social Security benefits and a military pension was $1,311, plus $315 Social Security benefits for the parties' child. Wife, age 46, a licensed practical nurse, had just completed a two-year program to become a registered nurse. She wishes to obtain a bachelor's degree in nursing to enhance her future earning capacity. She estimated that that would take about three years if she attended full-time or five years if she attended part-time. She was unemployed at the time of trial.

■ The trial court awarded wife spousal support of $400 monthly for six months and $200 monthly for six additional months.[2] On *de novo* review, ORS 19.125(3), we conclude that, given the length of the marriage and all other relevant facts, ORS 107.105, wife is entitled to additional spousal support. Accordingly, we modify the decree to award her spousal support of $400 monthly for 36 months from the date of the original decree.

■■ We are not convinced that we can make a "significantly preferable disposition" of the property than that made by the trial court. Therefore, we will not modify the property division. *See Pullen and Pullen,* 38 Or App 137, 142, 589 P2d 1145, *rev den* 286 Or 449 (1979). The award of attorney fees was within the trial court's discretion. We find no reason to disturb it. *See Shirley and Shirley,* 64 Or App 730, 734, 669 P2d 1198 (1983).

---

[1] Husband, an electrician, was permanently disabled as a result of an on-the-job injury while employed by Bohemia Lumber Company. Before the filing of the dissolution suit, he had an income of $1,904, consisting of $945 from SAIF, $278 from Social Security and $681 net from Navy retirement. There was a period of time when he did not receive benefits from SAIF, but SAIF agreed to reinstate his benefits until July, 1984. If he elected to have the surgery requested by SAIF, his income would have continued to be $1,904 monthly after that date. However, he did not plan to have the surgery.

[2] The record does not disclose the tax implications of the spousal support award. Therefore, we will not consider them.

Decree modified to award wife spousal support of $400 monthly for 36 months from the date of the original decree; affirmed as modified. Costs to wife.