Argued December 17, 1973, reversed and remanded February 5, reconsideration denied March 6, petition for review denied April 9, 1974

STATE EX REL DWIGHT, *Appellant, v.* JUSTICE, *Respondent.*

518 P2d 668

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Harry F. Elliott,* Hillsboro, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This is a paternity proceeding in which plaintiff was seeking to establish that defendant, rather than her then lawful husband, was the father of her child. She also sought child support payments. Prior to trial the parties entered into the following stipulation as to the facts:

"1. June E. Dwight was married to and was cohabiting with her husband, Douglas W. Dwight at the time of the conception of the child in question.

"2. The child in question was conceived in June, 1967.

"3. Douglas W. Dwight was not impotent at the time of conception of said child."

Based on the above stipulated facts the trial judge dismissed the proceedings, finding that under the statutes in effect at the time of conception the child is conclusively presumed to be the child of the husband. The mother appeals from this decision, alleging that it was error for the trial judge not to allow her to present evidence to contradict the statutory conclusive presumption.

At the time plaintiff's child was conceived (1967), ORS 41.350 (6) then provided:

"The issue of a wife cohabiting with her husband, who is not impotent, is legitimate."

ORS 109.070 (1) then provided:

"The child of a wife cohabiting with her husband who is not impotent, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void."

However, in 1971 the legislature amended ORS 41.350 (6) and ORS 109.070 (1). Oregon Laws 1971, ch 127, §§ 1 and 2, pp 161-62.

ORS 41.350 (6) now provides:

"The issue of a wife cohabiting with her husband who was not impotent *or sterile at the time of conception* of the child is legitimate." (Emphasis supplied.)

ORS 109.070 (1) now provides:

"The child of a wife cohabiting with her husband who was not impotent *or sterile at the time of conception* of the child, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void." (Emphasis supplied.)

From a comparison of the above statutes it will be noted that the 1971 amendment added another fact which must exist before the presumption can arise —the husband must not be sterile at the time of conception.

It appears from the record that all the parties proceeded in the lower court on the assumption that the law in effect at the time of conception is controlling. For the reasons we shall now state we cannot agree with this assumption and conclude that the 1971 amendments, rather than the prior law, are applicable in this case.

■■ While as a general rule statutes do not operate retrospectively, retrospective operation will be given to a particular statute or amendment where the intent of the legislature that it should so operate clearly appears from the terms thereof. A reading of the 1971 amendments set forth above shows that the legislature intended that such amendments should apply retro-

spectively because of the use of the past instead of the present tense of the verb in the phrase *"was* not impotent or sterile at the time of conception of the child * * *."* (Emphasis supplied.) In other words, had the legislature intended that these amendments should apply only prospectively, it would have used the present tense of the verb and said *"is* not impotent or sterile at the time of conception of the child * * *."* (Emphasis supplied.)

The conclusion that the legislature intended that the 1971 amendments should operate retrospectively is further indicated by the fact that in 1957, when ORS 109.070 (1) was originally enacted, the legislature also provided that the statute "shall apply to all persons, irrespective of whether they are born before or after the Act takes effect." Oregon Laws 1957, ch 411, § 5, p 573. *See,* ORS 109.090 (1).

Also, we note that retrospective interpretation of statutes has frequently been approved by the courts in cases such as here where the statute is remedial in character. For example, in *Wadsworth v. Brigham et al,* 125 Or 428, 259 P 299, 266 P 875 (1928), our Supreme Court held that a remedial statute legitimatizing the issue of void marriages would be given retrospective operation to carry out legislative intent to cover children born prior to the enactment of the statute. We believe that the principles recognized and applied in *Wadsworth v. Brigham et al,* supra, apply with equal force to the case at bar. A similar result was reached in *Corley v. Moore,* 236 Md 241, 243, 203 A2d 697 (1963), where the Maryland Court of Appeals gave retrospective application to a similar paternity statute. The court said, inter alia:

"* * * That the Act was intended to be remedial

is abundantly shown by the recitals in sec. 66A. Its purpose was not to punish the parents, but to enforce the 'basic obligations and responsibilities of parenthood.' * * *"

For the reasons stated above we conclude that ORS 41.350 (6) and 109.070 (1), as amended in 1971, apply in this case, irrespective of the fact this child was conceived and born prior to the enactment of the 1971 amendments. Inasmuch as the stipulation did not refer to the sterility or nonsterility of the husband at the time of conception, and there was no evidence of such sterility or nonsterility introduced at the trial below, the statutory conclusive presumption could not arise.

Reversed and remanded.

FOLEY, J., dissenting.

This is a proceeding brought in 1973 to establish paternity in a third person in a case where it was stipulated that the wife at the time of conception of the child in 1967 was married to and living with her husband and her husband was not impotent.

The applicable statutes regarding the conclusive presumption of legitimacy and paternity in effect in 1967 were:

ORS 41.350:

"The following presumptions, and no others, are conclusive:

"* * * * *

"(6) The issue of a wife cohabiting with her husband, who is not impotent, is legitimate.

"* * * * *"

ORS 109.070:

"The paternity of a person may be established as follows:

"(1) The child of a wife cohabiting with her hus-

band who is not impotent, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void.

"* * * * * *"

These statutes were amended in 1971 to add as a qualification in addition to impotence, "or sterile at the time of conception of the child."

The trial court by order ruled, in effect, that if the elements of marriage, potency and cohabitation coexist at the time of conception, no other evidence could be admitted to rebut the conclusive presumption and plaintiff appealed this order.

Neither party suggested that the law in effect in 1967 was not applicable to this case, but the majority opinion asserts *sua sponte* that the 1971 amendment which added the "[who was not] * * * sterile at the time of conception of the child" has retroactive effect and that the trial court was in error in restricting the admission of evidence.

A conclusive presumption is a rule of substantive law rather than a rule of evidence. 31A CJS 197, Evidence § 115.

"* * * Wherever from one fact another is said to be conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule is really providing that, where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case; and to provide this is to make *a rule of substantive law,* and not a rule apportioning the burden of persuading as to certain propositions or varying the duty of coming forward with evidence. * * *" (Footnote omitted.) (Emphasis supplied.) 9 Wigmore, Evidence 292, § 2492 (3d ed 1940).

*See also,* McCormick, Evidence 804, § 342 (hornbook series, 2d ed 1972).

> "The weight of present-day opinion is that '* * * conclusive presumptions do not establish a rule of evidence, *but declare a rule of substantive law.'* * * *" *United States v. Davio,* 136 F Supp 423, 429 (ED Mich 1955).

There is a presumption that statutes promulgating substantive law are to be construed and applied prospectively unless a contrary intent is manifested in clear and unambiguous terms. *Shwab v. Doyle,* 258 US 529, 42 S Ct 391, 66 L Ed 747, 26 ALR 1454 (1922); *Hiatt v. Hilliard,* 180 F2d 453 (5th Cir 1950); *United States v. Davio,* supra.

When ORS 109.070 (1) was enacted in 1957 (Oregon Laws 1957, ch 411, § 2), it was, at least by its terms, made retroactive. It read:

> "* * * [ORS 109.070] shall apply to all persons irrespective of whether they [were] born before or after [August 20, 1957] * * *."

When ORS 109.070 (1) and 41.350 (6) were amended in 1971 to add the words "or sterile at the time of conception of the child," no attempt was made by the legislature to make the statutes retroactive. There being no "contrary intent manifested in clear and unambiguous terms," I have to conclude that the new enactment was not intended to have retroactive effect.

The remaining question is whether the court was in error in not allowing evidence to dispute the conclusive presumption. Provision for conclusive presumptions in this field of human relations is one of legislative policy. As one writer said:

> "* * * [They rest] on grounds of expediency

or policy so compelling in character as to override the generally fundamental requirement of law that fact questions must be resolved according to proof; and evidence of certain kinds of facts is excluded because its admission would injure some other cause more than it would help the cause of truth, and because avoidance of that injury is considered of more consequence than possible harm to the cause of truth." (Footnotes omitted.) 31A CJS 197, Evidence § 115.

The legislative policy in 1967, if the parents were married, living together, and the husband not impotent at the time of conception, was that the protection of the family and the protection of a child born to the family was so important that no evidence contradicting the parentage could be received. Case law in Oregon is consistent with this policy. *Burke v. Burke,* 216 Or 691, 340 P2d 948 (1959); *Westfall v. Westfall,* 100 Or 224, 197 P 271, 13 ALR 1428 (1921). Since the parties stipulated to the facts which bring the case within the terms of the statute in effect in 1967, I would affirm the trial court.