Argued and submitted October 28, 1981,
affirmed as modified April 12, 1982

In the Matter of the Marriage of

## CALCAGNO,
*Respondent,*
*and*
## CALCAGNO,
*Appellant.*

(No. 80-811-E, CA 21412)

643 P2d 402

Donald H. Coulter, Grants Pass, argued the cause for appellant. With him on the brief was Myrick, Coulter, Seagraves & Myrick, Grants Pass.

Doyle L. Schiffman, Roseburg, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

Van Hoomissen, J., dissenting.

## RICHARDSON, P. J.

Wife appeals a decree of dissolution contending that the child support and property distribution provisions are inequitable.

The parties were married in 1969 and moved to Oregon from California in August, 1978, with their three children. They purchased a home in Grants Pass, using the proceeds from the sale of their California residence as a down payment. The parties separated shortly afterward, in December, 1978, and wife returned to California with their youngest child. Husband remained in Grants Pass with the two older children. Husband filed a petition for dissolution in 1980, seeking custody of all three children and award of the Grants Pass home. On wife's motion, the trial court found that, under the Uniform Child Custody Jurisdiction Act, it lacked jurisdiction over the parties' youngest child. ORS 109.730.[1] Thus, the court made no determination as to the "care, custody and control" of the youngest child. The court awarded custody of the two older children to husband, which was consistent with the desires of both parties.

■     The court also ordered wife to pay child support of $40 per month for each child in husband's custody. Wife argues that this provision is improper, because the child support issue was not raised by the pleadings or requested by husband during trial. The trial court has authority to award child support despite the fact no support is requested. The rights of children to an appropriate living standard prevail over the desires of the parents. The pleading requirements in a dissolution proceeding are somewhat relaxed when compared to the requirements in an ordinary civil action. The separate contentions of the parties do not necessarily frame the issues and are less important than the requirement that the court equitably dissolve the marriage relationship. Although the contentions and desires of the parties are an important consideration in fashioning a decree, when children are involved the court has an overriding duty to look after the interests of the children. We

---

[1] Neither party takes issue with the court's jurisdictional ruling. We express no opinion as to its correctness.

reject wife's contention that the court could not award child support unless it was requested by the parties.[2]

■     However, we conclude under all the circumstances, child support was not appropriate. Husband was willing to provide support for the two children in his custody, and it appears the support provided was adequate. Because of their desires that the custody and support arrangement continue, neither party presented evidence directly on the support issue. In addition, although the court concluded it did not have jurisdiction to award custody or support for the youngest child, the fact remains that wife had physical custody and is providing the sole support for that child. Lack of jurisdiction does not prevent consideration of those facts in determining the propriety of child support. Because husband has custody of two children and wife of one, the support obligations do not exactly balance. However, in the context of the relative incomes of the parties and the property distribution provisions of the decree, we conclude that the support provision should be deleted.

■     The decree awarded the Grants Pass residence to husband and awarded wife a judgment for $15,000 secured by a lien on the residence, with annual interest of nine percent on the deferred balance. Husband was ordered to pay $250 per month on the judgment, with the balance due in five years. Wife argues that the judgment amount and repayment terms are inequitable. The parties agree that the value of the home at the time of trial was $69,000 and that it was encumbered in the amount of $32,000, leaving an equity of $37,000. At trial wife agreed that $15,000 was the value of her equity share, after deducting costs of selling the house and assuming the house would be sold within eighteen months. She argues, however, that requiring her to wait five years for her share is inequitable.

The parties paid the $30,000 down payment on the home from the proceeds from the sale of their former residence. Wife lived in the home only briefly before she returned to California, and since that time husband has

---

[2] We express no opinion whether, in the absence of a request by either party for child support, the court may award such support without first notifying the parties of its intention and allowing an opportunity for each to address the issue and present evidence.

been making the mortgage payments and taking care of the residence. Under the circumstances, awarding wife the value of her contribution is not inequitable. Wife will receive a monthly income, which will help provide some measure of financial security, and the five-year term will insure a measure of stability for the two older children in the residence.

The trial court's decree is affirmed as modified by the deletion of the child support provision. No costs to either party.

**VAN HOOMISSEN, J.,** dissenting.

The record in this case satisfies me that wife may have an obligation to pay some child support to husband. *See Sellers and Sellers,* 39 Or App 647, 593 P2d 1191 (1979); *Westby and Westby,* 30 Or App 431, 567 P2d 145 (1977); *Waymire and Waymire,* 17 Or App 562, 522 P2d 1394 (1974); *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973).

The majority correctly notes that "neither party presented evidence directly on [the support] issue." Nor does the record contain evidence of the support needs of the children. *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). Absent such evidence, we cannot accurately determine whether the needs of the children and the resources of the parties dictate that the support obligation continue.[1]

Under the circumstances, I would remand this case to the trial court for further proceedings. *Smith v. Smith, supra.* Once the needs of the children have been determined, the support obligations of the parents may be fixed,

---

[1] Husband, a truck driver, had been unemployed for approximately three and one-half months prior to trial, but was scheduled to start work soon. He had earned approximately $1,000 to $1,500 monthly take-home pay in his last job. The woman with whom he was living had two children and she paid part of the "overhead expense." She had take-home pay of approximately $600 monthly. The record is silent on whether she received child support from the father of her children. Wife is employed part-time as a clerk-typist. She could work longer hours but chooses not to do so because she does not "like leaving [her child] for long periods of time." She had take-home pay of $142 weekly and had recently received a pay raise. The man with whom she was living was a postal inspector. He apparently had no dependents. She did not know his income. She testified he "pays all the expenses." Under the provisions of the decree husband is required to pay wife $250 monthly in partial satisfaction of her judgment lien on the family home which was awarded to him.

based upon their ability to pay and other equitable considerations.