Argued and submitted May 25, affirmed as modified September 7, 1983

In the Matter of the Marriage of

WALLACE,
*Appellant,*

*and*

WALLACE,
*Respondent.*

(D8107-65432; A25886)

668 P2d 1248

Herbert A. Trubo, Portland, argued the cause and filed the brief for appellant.

Cynthia A. Croft, Lincoln City, argued the cause for respondent. On the brief were Frederick J. Ronnau, and Kulla & Ronnau, P.C., Lincoln City.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a dissolution decree. He contends that the trial court erred in awarding wife a $10,000 judgment against him in recognition of her contribution to his education during the parties' relationship. We review de novo. ORS 19.125(3).

The trial court denied wife's request for spousal support. It ruled, however, that because wife was the "sole wage earner" during the parties' relationship she was entitled to "recognition for her contributions" to husband's education. The court awarded her a judgment for $10,000.

Assuming *arguendo* that husband's potential for increased income resulting from his undergraduate degree is personal property subject to division pursuant to ORS 107.105(1), *but see Grove and Grove,* 280 Or 341, 357, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the record here contains *no* evidence of its value. The trial court specifically found that spousal support was not indicated. Therefore, the judgment cannot be sustained as spousal support needed for retraining or education pursuant to ORS 107.105(1)(c)(H). We conclude that the record here will not support the judgment.

We have considered husband's remaining arguments: that the trial court erred in awarding certain assets to wife, in requiring husband to pay certain indebtedness and in awarding attorney fees to wife. We find no error.

Decree modified to delete $10,000 judgment against husband; affirmed as modified. Costs to husband.