Argued and submitted October 12, 1983, affirmed as modified January 11, 1984

In the Matter of the Marriage of

MOTA,
*Appellant,*
*and*

MOTA,
*Respondent.*

(82-1069; CA A27213)

674 P2d 90

Joseph E. Penna, Monmouth, argued the cause and filed the brief for Appellant.

Beverly D. Richardson, McMinnville, argued the cause and filed the brief for Respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a dissolution decree. He contends that the trial court erred in failing to order wife to pay child support, in ordering him to pay her permanent spousal support and in failing to consider the costs of sale of the family home in the property distribution. We review *de novo*. ORS 19.125(3).

The parties have five children, four of whom are not involved here. Husband was awarded custody of the fifth child, age 13. The trial court found that he was able to support that child and that wife was unable to support herself or the child. Accordingly, the court declined to order her to pay him any child support. He contends that that was error.

■■ Both parents have a duty to support their minor children. ORS 109.010; ORS 109.030; *Kenyon and Kenyon,* 41 Or App 591, 594, 598 P2d 1225 (1979). Wife's average monthly income exceeds her expenses. Also, under a stipulated provision of the decree, she will receive $16,500 in cash, payable within six months. While she may not be able to make a substantial contribution to her child's support, we conclude that she must contribute something. *See Sellers and Sellers,* 39 Or App 647, 653, 593 P2d 1191 (1979); *Westby and Westby,* 30 Or App 431, 433, 567 P2d 145 (1977). Therefore, we modify the decree to require wife to pay $25 monthly child support from the date of the decree.

■ Husband next contends that the trial court erred in awarding wife permanent spousal support. The parties were married in 1968, but their relationship dated back at least twelve years before their marriage. They have five children. Wife works on an assembly line in a cannery earning $5.36 per hour. She receives unemployment compensation when she is not working. She had gross income of $6,706 in 1981 and $2,544 in 1980. She suffers from a nervous disorder and has arthritis in her back and arms which sometimes interferes with her ability to work. At trial, she was paying approximately $160 monthly for electricity, $50-60 for a telephone, $40-50 for transportation, in addition to clothing, minimum food bills and medical and dental expenses. Wife has lived with her son during the two years of the parties' separation. She anticipates no change in her living arrangement. The home is comparable to the marital residence in which the

parties resided for nine years. Husband, 61, drives a truck during the summer months, earning $7.50 hourly. He also receives unemployment compensation during the winter. He had gross income of $14,614, plus $1,019 in unemployment compensation in 1981, and gross income of $15,657 in 1980. He anticipated working fewer hours in 1982 and having an income of $679 monthly. He has a retirement plan, the value of which is not disclosed by the record. The trial court based its award of $100 monthly permanent spousal support on the long-term relationship of the parties and the substantial disparity in their earning capacities. The court stated:

"Now, with respect to spousal support, the Court is also satisfied that the petitioner has substantially a greater earning capacity than respondent now and in the future. As nearly as can be determined from the evidence he can anticipate, allowing even a slight change for the better in the economy, a gross income of not less than $1200 per month as opposed to probably a maximum of $600 per month. Those are anticipated gross incomes."

We find no reason to disturb the trial court's conclusion that permanent spousal support is appropriate here.

■         Finally, husband contends that ORS 107.105(1)(e) mandates that the trial court must deduct the costs of sale of the residence before it divides the property. ORS 107.105(1)(e) provides, *inter alia:*

"In arriving at a just and proper division of the property, the court shall consider reasonable costs of sale of assets, taxes and any other costs reasonably anticipated by the parties."

Husband produced no evidence of the costs of sale, nor did he have any present plan to sell the residence. In an analogous situation, we refused to consider the potential tax consequences of the sale of an asset when the owner had no present plan to sell. *Clapperton and Clapperton,* 58 Or App 577, 582, 649 P2d 620 (1982); *see also Wallace and Wallace,* 64 Or App 484, 486, 668 P2d 1248 (1983). We conclude that it would be speculative to consider the costs of sale here.

Decree modified to order wife to pay $25 monthly child support from date of decree; affirmed as modified. No costs to either party.