In the Matter of the Marriage of

HODGE,
*Respondent - Cross-Appellant*
*and*
HODGE,
*Appellant - Cross-Respondent.*
(84-1400-NJ-2; CA A34662)

713 P2d 1071

Jerry E. Gastineau, Medford, argued the cause and filed the brief for appellant - cross-respondent.

Colette Boehmer, Medford, argued the cause and filed the the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this dissolution action, the parties contest the custody of their four-year-old daughter. The trial court awarded custody to husband, and wife appeals. We affirm.

█   The court awarded custody to husband, because it found that he had been the daughter's primary parent and that it would be in her best interests to award husband custody with reasonable visitation rights to wife. Wife does not dispute those findings. Rather, she contends that custody should have been awarded to her, because of blood test results which show that husband is not the daughter's biological father. Husband argues that the blood test results are irrelevant and should not have been admitted, because he meets the criteria of ORS 109.070(1), which provides:

> "The child of a wife cohabiting with her husband who is not impotent or sterile at the time of the conception of the child, shall be conclusively presumed to be the child of the husband, whether or not the marriage of the husband and wife may be void."

We agree with husband's argument. If he meets the requirements of ORS 109.070(1), then his paternity cannot be challenged legally by wife in this dissolution action, and the blood test results are irrelevant. *A. and A.,* 41 Or App 679, 598 P2d 1258 (1979).

The legislature enacted ORS 109.070(1) to preserve family integrity and to protect children of the family. *State ex rel Dwight v. Justice,* 16 Or App 336, 342-43, 518 P2d 668 (1974), discussed the purpose of ORS 109.070(1):

> "* * * Provision for conclusive presumptions in this field of human relations is one of legislative policy. As one writer said:
>
> > " '* * *[They rest] on grounds of expediency or policy so compelling in character as to override the generally fundamental requirement of law that fact questions must be resolved according to proof; and evidence of certain kinds of facts is excluded because its admission would injure some other cause more than it would help the cause of truth, and because avoidance of that injury is considered of more consequence than possible harm to the cause of truth.' (Footnotes omitted.) 31A CJS 197, Evidence § 115.
>
> "The legislative policy * * *, if the parents [are] married, living

together, and the husband not impotent at the time of conception, [is] that the protection of the family and the protection of a child born to the family [is] so important that no evidence contradicting the parentage [can] be received. * * *"

That legislative policy is implicated in this case.

There is a further reason to hold that the blood tests are irrelevant if ORS 109.070(1) applies. In 1953, the legislature adopted parts of the Uniform Act on Blood Tests to Determine Paternity. ORS 109.250 to 109.262. ORS 109.258 provides, in part:

"If the court or administrator finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly."

ORS 109.258 makes no reference to ORS 109.070(1), nor is it consistent with ORS 109.070(1).

However, the legislature did not adopt a provision of the Uniform Act which would have referred to ORS 109.070(1). That provision reads:

"The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, show that the husband is not the father of the child." Uniform Act on Blood Tests to Determine Paternity, § 5.

It is reasonable to assume that the legislature did not intend the conclusive presumption of ORS 109.070(1) to be overcome by blood tests excluding husband as the biological father.

The next issue, then, is whether husband meets the requirements of ORS 109.070(1). The only dispute is whether the parties were cohabiting at the time of the daughter's conception. Concerning cohabitation, the trial court placed the burden of proof on wife, found that the evidence was "evenly balanced" and thus ruled against wife on that issue.

■    Wife first contends that it was improper for the court to place the burden of proving non-cohabitation on her. We disagree. The party seeking to defeat the application of the conclusive presumption of ORS 109.070(1) must demonstrate that the statute does not apply. *In Re Rowe's Estate,* 172 Or 293, 141 P2d 832 (1943). Thus, the trial court properly

determined that wife had the burden of persuasion on the issue of cohabitation.

Wife finally contends that the evidence on the issue of cohabitation was not "evenly balanced" because of the blood test results. That is a *non sequitur*. The blood test results do not tell us whether the parties were cohabiting during the time of conception. On our *de novo* review, we agree with the trial court that the evidence was "evenly balanced." Accordingly, wife did not meet her burden of persuasion on the issue of cohabitation, and the trial court properly found that husband met the requirements of ORS 109.070(1).

Affirmed.[1] Costs to husband.

---

[1] Although father desires to have the trial court decision affirmed, he has filed a cross-appeal to preserve alleged errors relating to the admissibility of the blood test results and his defenses of estoppel and laches. Because of our affirmance on appeal, the issues raised on cross-appeal are rendered moot. Accordingly, we do not address them.