Argued and submitted July 2, reversed and remanded for further consideration
August 5, 1986

In the Matter of the Marriage of

HODGE,

*Respondent on review,*

*and*

HODGE,

*Petitioner on review.*

(TC 84-1400-NJ-2; CA A34662; SC S32677)

722 P2d 1235

Jerry E. Gastineau, Medford, argued the cause and filed the petition for petitioner on review.

Colette Boehmer, Jackson County Legal Services, Medford, argued the cause for respondent on review.

GILLETTE, J.

## GILLETTE, J.

This is a domestic relations case in which the underlying question is the custody of a four-year-old child. The legal issue, as the parties have framed it for us, is whether the rule of ORS 109.070(1), which provides that the child of a wife cohabiting with her husband who is not sterile or impotent at the time of the child's conception "shall be conclusively presumed to be the child of the husband," can be applied to bar wife from showing, by blood test results, that a particular child conceived during the marriage is not the child of her husband. The trial court held, and the Court of Appeals agreed, that, because of ORS 109.070(1), "[husband's] paternity cannot be challenged legally by wife in this dissolution action, and the blood test results are irrelevant." *Hodge and Hodge,* 77 Or App 538, 540, 713 P2d 1071 (1986). We hold that, under the facts as found by both the trial court and Court of Appeals, the rule of ORS 109.070(1) should not have been applied. We therefore reverse.

While the parties variously rely on and attack ORS 109.070(1) as embodying a "conclusive presumption," that statute is better viewed as adopting a substantive rule of law. *See State v. Elliott,* 234 Or 522, 383 P2d 382 (1963). We therefore avoid in this opinion referring to the statute as a "presumption," conclusive or otherwise, and instead refer to the "rule" of ORS 109.070(1). This view of the statute also takes it out of the Oregon Evidence Code's rules concerning presumptions. *See* ORS 40.120; OEC 308.

At the trial, wife produced blood test results showing that, in fact, husband is not the biological father of the daughter born to wife during the parties' marriage. The parties offered conflicting evidence on whether they were cohabiting at the time of conception.

The trial court found (and the Court of Appeals, on *de novo* review, agreed) that the evidence on the question of cohabitation was "evenly balanced." The court then resolved the case by placing the burden of showing the parties were *not* cohabiting on wife. The evidence being evenly balanced, the court held against the wife, ruling that ORS 109.070(1) applied because she had failed to prove that it did not. The Court of Appeals agreed. It explained:

"Wife first contends that it was improper for the court to place the burden of proving non-cohabitation on her. We disagree. The party seeking to defeat the application of the [rule] of ORS 109.070(1) must demonstrate that the statute does not apply. [*See*] *In Re Rowe's Estate,* 172 Or 293, 141 P2d 832 (1943). Thus the trial court properly determined that wife had the burden of persuasion on the issue of cohabitation." 77 Or App at 541-42.

We disagree. Because husband is the party who wishes to benefit from the application of the rule of ORS 109.071(1), it is more appropriate to assign to him the obligation to produce evidence showing the applicability of the statute. More importantly, both parties have offered evidence on that issue. The question now becomes: what does the evidence show? The preponderance of the evidence must show that the parties were cohabiting at the time of the daughter's conception, or the rule does not apply. Both factfinding courts have concluded that the evidence does not show that fact. The rule has no application in this case.

■ From the foregoing, it follows that the trial court awarded custody to the husband — and the Court of Appeals affirmed that award — relying on a false premise. That was error requiring correction. The question becomes: what correction? If the issue we here resolve were the only one in the case, it is conceivable that we could decide custody here. It is not the only issue, however. The Court of Appeals noted:

"Although father desires to have the trial court decision affirmed, he has filed a cross-appeal to preserve alleged errors relating to the admissibility of the blood test results and his defenses of estoppel and laches. Because of our affirmance on appeal, the issues raised on cross-appeal are rendered moot. Accordingly, we do not address them." 77 Or App at 542 n 1.

Our disposition of this case requires that the Court of Appeals now address husband's contentions on cross-appeal.[1]

The Court of Appeals is reversed. The case is remanded to the Court of Appeals for further consideration.

---

[1] The parties briefly discussed ORS 109.119, concerning the rights of a person who establishes emotional ties creating a child-parent relationship, at oral argument. We express no opinion as to whether, on remand, husband should be permitted to assert that, if he is not the biological father, his request for custody should be viewed as one made under ORS 109.119.