Submitted on remand from the Oregon Supreme Court September 4, 1986, affirmed on appeal and reversed on cross-appeal February 25, reconsideration denied April 24, petition for review denied May 12, 1987 (303 Or 370)

In the Matter of the Marriage of

HODGE,

*Respondent - Cross-Appellant,*

*and*

HODGE,

*Appellant - Cross-Respondent.*

(84-1400-NJ-2; CA A34662)

733 P2d 458

Jerry E. Gastineau, Medford, appeared for appellant - cross-respondent.

Colette Boehmer, Medford, appeared for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This child custody proceeding is before us on remand from the Supreme Court. *Hodge and Hodge,* 301 Or 433, 722 P2d 1235 (1986).

Husband petitioned for a dissolution of marriage, alleging that he is the natural father of the parties' daughter born in 1981. He seeks custody of the child. During the dissolution proceedings, wife asserted that husband is not the father of the child and obtained a court order for blood testing. The tests supported wife's assertion. The trial court admitted the tests in evidence but held the results to be irrelevant, because a statutory "presumption," ORS 109.070(1),[1] provides that the child of a wife cohabiting with her husband who is not sterile or impotent at the time of conception "shall be conclusively presumed to be the child of the husband." We affirmed. *Hodge and Hodge,* 77 Or App 538, 713 P2d 1071 (1986). The Supreme Court reversed. It held that, because both the trial court and we had found that the evidence was evenly balanced on the question of cohabitation, the statute does not apply. The Supreme Court remanded for us to consider husband's cross-appeal which, because of our initial determination, we had not addressed.

■ Husband assigns as error the admission of the blood tests, because they were not submitted with an affidavit or accompanied by expert testimony, as required by ORS 109.254(2), which, at the time of the hearing, provided:

"The blood test results and the conclusions and explanations of the blood test experts may be *introduced into evidence at trial by affidavit,* unless a written challenge to the testing procedure or the results of the blood test has been filed with the court and delivered to opposing counsel at least 10 days before any hearing set to determine the issue of paternity. Failure to make such timely challenge constitutes a waiver of the right to have the experts [who made the tests]

---

[1] Wife is bound by ORS 109.070(2), which provides:

"The paternity of a person may be established as follows:

"* * * * *

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption."

appear in person and is not grounds for a continuance of the hearing to determine paternity. A copy of the affidavit, including results, conclusions and explanations, must be furnished to both parties or their counsel at least 20 days before the date of the hearing for this subsection to apply. The court for good cause or the parties may waive the time limits established by this subsection." (Emphasis supplied.)

The trial court admitted the report, without an affidavit, as an exception to the hearsay rule. OEC 803(24). We hold that the trial court erred in doing so, but that error does not affect our resolution of this case.

The real issue before us is *not* paternity, but custody. We agree with husband that wife is estopped to raise the question of whether he is the biological father as a basis on which to prevent an award of custody to him. Wife signed the birth certificate which stated that husband is the father of the child. She has represented husband to be the father. She never made an issue of paternity until husband filed for dissolution when the child was three years old.[2] Father brought this petition for dissolution and asks to have the "legal care, control and custody" of the child.[3] At trial, husband testified that he loved the child and wanted her, even though there was substantial doubt that he is the biological father.

The trial court found that husband has been the primary parent and that it would be in the best interests of the child to award him custody. Our *de novo* review of the record convinces us that the trial judge's determination was correct. Having allowed husband to establish the emotional ties of a child-parent relationship, wife cannot at this late date deny him and the child the benefits of the relationship. *Johns and Johns,* 42 Or App 39, 599 P2d 1230 (1979).

---

[2] Husband testified that wife had always told him that he was the father. Wife testified that he always knew he was not.

[3] ORS 107.105(1)(a) provides that a court has the power to decree "[f]or the future care and custody, by one party or jointly, of *all minor children of the parties born, adopted or conceived during the marriage.*" (Emphasis supplied.) In 1985, the legislature provided that a stepparent may petition for custody in a dissolution proceeding. ORS 109.119(2). In its remand, the Supreme Court referred to ORS 109.119(2) but "expressed no opinion" as to whether husband should be allowed to assert that his request for custody be viewed as one made under this statute. Husband made no request and the statute was not in existence at the time of the judgment.

Affirmed on appeal; reversed on cross-appeal.[4] No costs to either party.

---

[4] Even though husband is entitled to prevail on his cross-appeal, the ultimate result in this case is an affirmance of the trial court's decision on the issue of custody.