Argued and submitted April 3, affirmed on appeal; affirmed as modified on
cross-appeal October 11, 1989

In the Matter of the Marriage of

MILBURN,
*Respondent - Cross-Appellant,*

*and*

MILBURN,
*Appellant - Cross-Respondent.*

(D87-1463; CA A48884)

780 P2d 775

Randolph Slocum, Roseburg, argued the cause and filed the briefs for appellant - cross-respondent.

Kathryn Johnston, Roseburg, argued the cause for respondent - cross-appellant. With her on the brief was Cegavske & Associates, Roseburg.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals a dissolution judgment that awarded husband custody of their child. She contends that he is not the child's father. Husband cross-appeals, assigning as error that the court failed to require wife to pay child support. We affirm on the appeal and reverse on the cross-appeal.

On January 28, 1983, the parties were married in Georgia, where husband was serving in the Army. On February 2, 1983, wife returned to Oregon, where the couple had met. They did not see each other again until late March, 1983, when wife again visited husband in Georgia. The child was born on November 27, 1983. Wife named husband as the father on the child's birth certificate. The child has always had husband's last name. Husband paid all the bills associated with the child's delivery and has always claimed the child as a dependent on the couple's joint income tax returns. Husband also assumed full parental responsibilities. The child has a birthmark on her neck similar to birthmarks on husband's and husband's mother's necks. Wife, however, testified that she told husband before the child's birth and several times afterward that he was not the child's biological father. Husband testified that she told him in 1984 or 1985 that he might not be the child's father.

The parties separated in March, 1986. Husband alleged in his dissolution petition that he is the child's father. In her response, wife did not challenge paternity. The court awarded husband temporary custody. Between March, 1986, and January, 1987, wife had the child only the first and third weekends of every month. The parties then reconciled, and the dissolution action was dismissed. Subsequently, they separated again and, in June, 1987, husband filed this dissolution action. The court awarded temporary joint custody, but the child continued to live with husband. Beginning in September, 1987, husband had a night job and, as a result, the parties shared physical custody. Husband had the child from 2:00 p.m. until 9:30 p.m., and wife had her the rest of the time and on alternate weekends.

At trial, wife testified that she had had intercourse with her previous husband in February or March, 1983, and

that conception took place then. She did not testify that husband did not have access to her before or after that date. Her previous husband did not testify.

Wife called her doctor, a general practitioner, as a witness. He testified that he had examined her in May, 1983, when she thought that she was pregnant. Based on what she told him then, he testified that she had had a menstrual period on January 18, may have had an abbreviated period on February 9 and had no period in March. He also testified that, in May, he was unable to determine the stage of her pregnancy by physical examination. He said that, if wife had had a period on February 9, there is a "reasonable medical probability" that conception took place ten days afterward, considering the time of delivery, the condition of the child at birth and the history that wife had given him. He also testified that the average gestation period is 40 weeks, but that a normal range is 38 to 42 weeks.

At the conclusion of the trial, the court stated orally that the parties were to have joint custody and, for that reason, it would not award support. It instructed husband's attorney to prepare a judgment. Husband, however, submitted a motion for reconsideration of the judge's oral joint custody order. The court then entered a judgment awarding custody to husband and did not mention child support.

■ Wife's several assignments of error fall into two groups. In substance, she asserts first that the court erred in changing its oral ruling of joint custody when it entered its written judgment. The decision of the court, however,

"is governed by the order which the * * * judge signed and not by any statement which he made at the conclusion of the hearing." *State v. Swain/Goldsmith,* 267 Or 527, 530, 517 P2d 684 (1974).

*See also State v. Pryor,* 96 Or App 181, 184, 772 P2d 431, *rev den* 308 Or 158 (1989).

Wife next argues that the court erred when it awarded custody to husband, because, she asserts, he is not the biological father. *See* ORS 107.105(1)(a). The child, however, was born when the parties were married. ORS 109.070(2) provides:

> "A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption."

OEC 311(1) also provides:

> "The following are presumptions:
>
> "* * * * *
>
> "(v) A child born in lawful wedlock is legitimate."

For purposes of this case, the effect of the presumptions is the same.

■ OEC 308, which is applicable to both presumptions, *see Commentary to Oregon Evidence Code* 62 (Butterworth 1981), states:

> "In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

Husband initially benefits from the presumptions, because the child was born in wedlock. *Commentary to Oregon Evidence Code* 54 (Butterworth 1981). Wife has the burden of proving by a preponderance of the evidence the nonexistence of the presumed fact that husband is the father. She tried to show that husband did not have access to her at the time of conception.

■ Wife's doctor was unable to determine the age of the fetus from the physical examination in May. His estimate of the time of conception was based on what wife had told him in May and on the assumptions that, on February 9, she had a menstrual period and that the gestation period was a "normal" length. He also testified to the difficulty of estimating the time of conception, because periods may be irregular or missed. There is no evidence that she was within the "norm" and some evidence to indicate that she may not have been. She may have had an irregular period on February 9, only 23 days after her January 18 period. She may also may have missed her March period. We conclude that wife did not establish by a preponderance of the evidence when conception occurred. Accordingly, she did not prove that husband did not have access to her then. Moreover, other evidence of the parties'

actions that we have detailed supports the probability that husband is the father. Wife has therefore failed to overcome the presumption that husband is the child's father.[1]

The court considered wife estopped to deny husband's paternity. Because we conclude, for the purpose of determining custody, that husband is in fact the father, we need not reach the estoppel issue.

██ ██ We interpret wife's additional assertion to be that, even if husband is the father, the court erred, because an award of joint custody was appropriate. The court, however, correctly abandoned its ruling of joint custody. The record is clear that the parties did not agree to joint custody. ORS 107.169(3). We also agree with the court that husband should be awarded custody. The record establishes that both parents have been involved in raising the child and caring for her. Husband has a steady job and continues to live in what was the family home. He engages in more activities with the child and seems more concerned with and aware of her development.

██ On the cross-appeal, husband assigns as error that the court did not order wife to pay child support. Wife responds that husband may not now request child support, because he did not request it in his pleadings. The court could, nonetheless, consider child support and grant it if the evidence supports it, because the court's overriding duty is to protect the best interests of the child. *Calcagno and Calcagno,* 56 Or App 789, 791, 643 P2d 402 (1982). The record contains evidence on which a court could have awarded child support. The court considered the issue and decided not to grant it when it initially decided to award joint custody. Apparently, the issue did not arise again before the court entered judgment.[2] On *de novo* review on husband's cross-appeal, we may

---

[1] Because of our disposition of this case, we do not need to consider ORS 109.070(1), which provides:

"The child of a wife cohabiting with her husband who was not impotent or sterile at the time of conception of the child, shall be conclusively presumed to be the child of her husband."

*See Hodge and Hodge,* 301 Or 433, 722 P2d 1235 (1986).

[2] Before judgment was entered, husband also filed a motion to reconsider child support. The trial court did not respond to this motion, because it lost jurisdiction when wife filed her notice of appeal. ORS 19.033(1).

determine the issue.

■ Both parents have a duty to support their minor children. *Mota and Mota,* 66 Or App 439, 441, 674 P2d 90 (1984); *see also* ORS 109.010. Wife is employed and has the resources to pay support. This court can set an appropriate support amount based on the record. *See Kopplin and Kopplin,* 74 Or App 368, 703 P2d 251, *rev den* 300 Or 162 (1985). The guidelines of *Smith v. Smith,* 290 Or 675, 684, 626 P2d 342 (1981), provide that "the obligation of the noncustodial parent is that fraction of the needs of the child that his or her income represents in comparison· to the combined incomes of both parents." The evidence shows that the child's needs amount to about $300 per month. Husband earns about $840 per month and wife about $700 per month. Applying the *Smith* formula, we conclude that $135 per month is an appropriate amount for wife to pay.

Affirmed on appeal; on cross-appeal, judgment modified to require wife to pay $135 per month child support commencing on the effective date of this decision; affirmed as modified. Costs, not including attorney fees, to husband on appeal and on cross-appeal.